### MANN et al. v. WARSHAWSKY et al.

### (Supreme Court, Appellate Term.  November 24, 1908.)

EVIDENCE (§ 594*)—SUFFICIENCY—UNCONTROVERTED EVIDENCE.
  Where defendants counterclaimed for damages and their testimony in
  support thereof was uncontradicted, it was error to give judgment for
  plaintiffs for the full amount claimed.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2431; Dec. Dig.
  § 594.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Mann and another against William Warshawsky and another, copartners. Judgment for plaintiffs, and defendants appeal. Reversed, and new trial ordered, unless plaintiffs stipulate that judgment be reduced.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Rosenthal, Steckler & Levi, for appellants.

Joseph Gans, for respondents.

PER CURIAM. Plaintiffs sold and delivered to defendants certain ice boxes. Defendants claimed that certain of the ice boxes were defective, and that they so notified plaintiffs, who promised to repair such defective ice boxes, or allow defendants the value of such repairs. Relying on such promise, the defendants claim they gave a promissory note for $246.48, the price of the ice boxes, to plaintiffs. The latter, according to defendants' claim, failed to repair the defective goods or allow to defendants the value of the repairs, and defendants refused to pay the note at maturity. The note was duly protested and plaintiffs sued thereon for the balance due of $146.48, with interest and costs, the defendants having paid $100 on account. Defendants counterclaimed $60 as damages by reason of the defective ice boxes, and also set up a defense that prior to the maturity of the note plaintiffs extended the time of payment in consideration of defendants' paying $100 on account of the note, which, therefore, was not due at the time the action was commenced. The two defendants testified in support of their counterclaim for $60, and their testimony is undisputed. The court below refused to believe them, and gave judgment for plaintiffs for the full amount of their claim. This was error, for, under the testimony presented, plaintiffs were called upon to deny the evidence of the defendants as to the counterclaim in order to entitle themselves to a judgment in their favor.

Judgment reversed and new trial ordered, with costs to appellants to abide the event, unless the plaintiffs will stipulate within five days that the judgment be modified by reducing the amount of recovery by $60, in which event the judgment as modified will be affirmed without costs of this appeal to either party.